# IN THE COURT OF APPEALS OF IOWA

No. 23-0636
Filed June 7, 2023

**IN THE INTEREST OF K.H., L.H., and A.S.,**
**Minor Children,**

**A.H., Mother,**
　　Appellant.
_____


Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Chad E. Schneider of Hastings & Gartin Law Group, Ames, for appellant mother.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

Shannon M. Leighty of the Public Defender's Office, Nevada, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Angela is the mother of A.S., born 2014; L.H., born 2017; and K.H., born 2018. She appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(d) (2023) (A.S. and K.H.), (e) (A.S.), and (g) (all).[1] She contends the Iowa Department of Health and Human Services (DHHS) failed to support her with appropriate services. She also maintains the court erred in finding the children could not be returned to her care at the present time, concluding termination of her parental rights was in the children's best interests, and declining to apply an exception.

"We review termination of parental rights proceedings de novo." *In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

> Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis. First, we determine whether any ground for termination under section 232.116(1) has been established. If we conclude affirmatively, we next determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights. If we conclude section 232.116(2) supports termination, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights.

*In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) (internal quotation marks and citations omitted). We need not consider a step the parent does not dispute on appeal. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

---

[1] L.H.'s biological father's rights were not terminated at this time. A.S.'s father consented to termination of his parental rights. The biological father of K.H. and legal father of L.H. had his parental rights terminated. Neither appeals the termination of their parental rights.

Because we conclude the State proved termination of the mother's parental rights was appropriate under Iowa Code section 232.116(1)(g), we need not address the other grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

A court may terminate parental rights pursuant to section 232.116(1)(g) when it finds all of the following have occurred:

> (1) The child has been adjudicated a child in need of assistance [(CINA)]pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family . . . .
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

The mother does not dispute all three children have been adjudicated children in need of assistance.

The mother's parental rights to the children's younger siblings, J.H. and T.H. Jr. (then-aged one and two, respectively) were terminated on February 6, 2023. The mother appealed the termination of her parental rights, and this court affirmed. *In re J.H.*, No. 23-0292, 2023 WL 3612388, at *1 (Iowa Ct. App. May 24, 2023); *see also In re H.B.*, No. 18-0835, 2018 WL 3913110, at *3 (Iowa Ct. App. Aug. 15, 2018) (noting children with the same mother are members "of the same family" within the meaning of Iowa Code section 232.116(1)(g)(2)).

As for services offered, the mother has been provided services to remedy ongoing concerns about her inadequate parenting for at least six years.[2] The case manager, Tammy Hicks, testified, "I don't know of any other service that they haven't already received that could be provided." The juvenile court found:

> [The mother] perceives and understands things in their basic, literal sense. She seems unable to carry forward the meaning of words and circumstances with deeper understanding. The court intends no disrespect. However, her testimony supported Ms. Hicks's assessment that she is able to parrot information and mimic skills picked up through services but cannot translate them into action for longer than short periods because she may not really understand the deeper meaning of the services and so she does not appreciate their relevance or utility to the goal of reunification. As such she does not respond to them.

While the mother complains she has not received "appropriate" or "adequate" services, she does not suggest what those services might be. The court found:

> As Ms. Hicks testified, the family has received services since 2016. In 2018, the first CINA cases were opened in Story County. They closed after the parents cooperated with services and showed improvement. Ms. Hicks testified that over the years the parents have received every service available to a family. In fact, in all of her years of service to [D]HHS, she has never seen parents who have been provided so many parenting classes. Yet, they are unable to appreciate the lessons and do not respond to services. The children have over the years been subjected to harm in their parents' care. The children have been exposed to sexual abuse, physical abuse, they have been exposed to sex offenders, the parents have failed to meet the children's medical needs, the children have been denied critical care including lack of supervision and the youngest have been diagnosed with failure to thrive. Domestic violence has been an issue in the past and [the mother] was injured by [her spouse] again in January 2023.

---

[2] A.S. is eight years old, and DHHS has been involved with the family either formally or informally since at least 2016.

The mother remains unable to appreciate danger and lacks the ability to safely parent her children. It is unlikely more services would be any more successful in remedying the mother's parenting deficiencies. *See J.H.*, 952 N.W.2d at 171 (describing how a parent's past conduct may be indicative of future care). The mother's parental rights were properly terminated pursuant to Iowa Code § 232.116(1)(g).

We turn to our best-interests analysis, where we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "[I]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018) (citation omitted). These children have been exposed to unsafe conditions due to the mother's inability to protect or recognize when the children are unsafe. Children need safe, stable, and consistent parenting—which the mother is unable to provide. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."). Termination is in the children's best interests.

The mother argues the children are bonded together and their placement in separate foster homes is not in their best interests. The children were placed in separate foster homes because the foster parents were unable to supervise the three children together (all are attention-seeking and have behavioral problems

and tantrums). It is reported A.S. has made some progress with a consistent schedule and expectations; her behavioral outbursts have decreased while in foster care. A.S. has progressed out of her individual education plan, her speech is improving, and her medications have been adjusted. She continues to receive occupational and speech therapy, as well as mental-health counseling. The younger two, K.H. and L.H., are on individual education and behavior plans and are in speech therapy. Their foster mother is a special education teacher and uses those skills with the children. This foster family has indicated they can be a permanent placement. On our de novo review, we believe termination of the mother's parental rights will best advance the children's need for permanency.

The mother next asserts her bond with the children militates against termination. *See* Iowa Code § 232.116(3)(c) (allowing court to avoid termination of parental rights where "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship"). The exceptions noted in subsection (3) "are permissive, not mandatory." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted). The parent has the burden to prove any statutory exception applies once the State has proved a ground for termination. *A.S.*, 906 N.W.2d at 476. The mother has not proved terminating her parental rights would be detrimental to the children due to the bond they share with her. We thus affirm.

**AFFIRMED.**